Customs Failure To Timely Liquidate Entries For Which Importers Like Ford Are Entitled To A Refund, Congress Provided That Entries That Were Not Liquidated Within A Particular Period Of Time Would Be Deemed Liquidated By Operation Of Law. Ford Brought This Action, Asserting Jurisdiction Under 28 U.S.C. 1581 I, Seeking A Declaration That Certain Entries Had Been Deemed Liquidated By Operation Of Law Because A Statutory Window For Liquidating Had Passed. Do you agree that if Commerce Had Actually Liquidated These Entries Before You Brought The Action That There Would Be No Jurisdiction? Yes, Under This Court's Precedence, We Think That That's Right. What's Of Course Different About This Case Is It's Undisputed That At The Time Ford Brought This Action, Congress Hadn't Taken Action To Affirmatively Liquidate Any Of The Entries At Issue. It Did Not Do So Until Several Months Afterward With Respect To Some Entries And Several, More Than A Year Afterwards With Respect To Other Entries. And They've All Been Liquidated Now, Right? Customs Subsequently Took Action To Liquidate All Of Them, That's Right. But At The Time This Case Was Filed, It's Undisputed That Customs Hadn't Taken Affirmative Action With Respect To Any Of The Entries At Issue. And I Think We Have Two Points. One, That The Court Of International Trade's Jurisdictional Analysis Was Flawed. And Two, That The Court Of International Trade Erred In Concluding That It Wasn't Appropriate To Exercise Its Authority Under The Declaratory Judgment Act. As To The Jurisdictional Point, I Think The Major Flaw Of The Court's Ruling Was It Disregarded The Time Honored, Time Of Filing Rule, Which Is That Jurisdiction Is Determined As Of The Time The Suit Is Filed. You Can Go Back To Chief Justice Marshall In 18824 That Said It's Quite Clear That The Jurisdiction Of The Court Depends Upon The State Of Things At The Time The Action Is Brought. And That After Vesting, It Cannot Be Ousted By Subsequent Events. At The Time Of Filing, You're Saying That None Of The Reliquidation Entries Have Been Liquidated? That's Right. That There Had Been No Liquidation? There Had Been No Liquidation, Your Honor. It Wasn't Until Two Or Three Months Later With Respect To Three Entries That Customs Purported To Liquidate. Doesn't The Statute Provide A Specific Avenue To Challenge Liquidations? And If There's No Liquidation Here, Then How Can You Proceed Under 1581 I? Well, We Can't Proceed Under 1581 A, Your Honor, Which Is The Provision That Would Allow Us To Challenge The Liquidations. Customs Hadn't Liquidated. So, 1581 I Provides An Alternative Basis For Jurisdiction. Excuse Me, I'm Interrupting. Why Don't You Just Wait Until The Protest Period Ended Or Until They Denied Your Protest And Then Proceed? Because By Statute, The Entries Have Been Deemed Liquidated By Operation Of Law. Ford Was Entitled To Refunds. And I Think That The Reason Why Congress Adopted This Mechanism Of Deemed Liquidated By Operation Of Law Is Precisely To Prevent The Situation That Happened Here Where Customs Was Not Acting Timely To Liquidate The Entries. Importers Were Going Without Refunds If They Were Due. Under The Statute, 1504 A, It Provides That After One Year, The Entries Would Be Deemed Liquidated By Operation Of Law Unless They're Properly Extended. Now, Customs Has An Argument That They Were Extended. That Goes To The Merits Of Whether These Entries Were Actually Deemed Liquidated By Operation Of Law. Your Argument Is That As A Result Of The Deemed Liquidation, You Became Entitled To A Refund, Right? That's Absolutely Right. What Would Be The Mechanism For Seeking That Refund? Here You Sought A Declaratory Judgment. If You Were Entitled To A Refund, Where And How Would You Sue For The Refund? Well, In This Action, Your Honor, We're Seeking A Declaration That The Entries Had Been Deemed Liquidated By Operation Of Law. But That's A Declaration. What About Actually Suing For The Money? Well, I Think We Would Be Entitled To The Declaration If We Prevailed In The Suit. I'm Answering My Question. Is There A Remedy You Can Sue For The Money Instead Of A Declaratory Judgment? Well, I Think It Would Probably... You Say There Was A Liquidation By Operation Of Law That Entitled You To A Refund. How Could You Get The Refund? My Understanding, Your Honor, Is That In Order To Obtain The Money When It Liquidations By Operation Of Law, You Have To Obtain A Judicial Ruling That Has Been Liquidated By Operation Of Law. My Hope And Expectation Would Be That Customs Would Honor A Declaration That Amounts Have Been Liquidated. There's No Mechanism For Suing For A Refund? I Think You Would Probably Ask For Injunctive Relief As Well. I Think If You Had A Declaration And Customs Didn't Fulfill That Declaration Of Law, Then I Assume That Ford Would Be Able To Go Back Into Court And Whether It Was Another Declaratory Judgment Action Or Injunctive Action, Obtain Relief That Would Give A Refund. That Doesn't Sound Right To Me. I Mean, There Must Be Some Mechanism For Suing For A Refund If You're Overpaid Your Duty. Well, I Absolutely Agree With You That There Must Be Some Mechanism. Wouldn't That Mechanism Be 1504A? It May Be, Your Honor. I Think That There Absolutely Must Be A Mechanism. If It's Escaping My Memory, I Apologize For That. But There Must Be A Mechanism. And I Think It Is Established That How About 1581A? Wouldn't That Also Be A Mechanism To Sue? I Think It Would. I Think It Would. I Think It's Fairly Well Settled If You've Got A Declaration That That's What The CIT Held, That You Had Other Remedies Available To You. And By Law, You Had A Certain Structure By Which You Could Only Protest Liquidations Or The Lack Of Liquidation Under That Particular Structure. Well, Your Honor, At The Time That This Action Was Initiated, The Only Remedy That Ford Had Was To Bring A Suit Under 1581I, Seeking A Declaration I Understand That You Had Been Waiting For A Long Time. And You Thought Maybe You Were Going To Have To Wait Forever. But The Law Contemplates That The Only Way You Can Protest A Liquidation Or The Results Of A Reliquidation Would Be Under 1504 Or 1581A. Well I Think If You Look At Judge Wallach's Recent Decision In The Ford Case And The Court Of Immigration That's Different. That's A Duty Drawback Case, Isn't It? Well, It Is A Duty Drawback Case. But It Recognizes That There's Jurisdiction Under 1581I As The Fujitsu Case Earlier In The Court Of Immigration. The Law Doesn't Apply The Same Type Of Protest Structure For Duty Drawback As It Does For Liquidation Of Entries. But I Don't Understand The Scheme To Provide A Difference Where There Hasn't Been An Actual Liquidation. And I Think The Consequences Of The Government's Position Here Is That Even Though Congress Has Provided That After One Year, If Customs Doesn't Act To Liquidate, It's Deemed Liquidated By Operation Of Law, The Importer Has To Stand Back And Wait For At Least Four Years. Because The Assumption Is That They Get The One Year Statutory Period And Then They Get The Benefit Of The Three Possible Extensions. And I Think That That Would Quite Clearly Defeat Congress' Intent In Establishing A One Year Window Under Which Customs Was Required To Act. And If It Didn't Act, They Were Deemed Liquidated. So The Issue Is Whether There Were Extensions In This Case Or Not. Well, Ultimately, That's Right. It Goes To The Merits Of Whether Or Not They Were Deemed Liquidated By Operation Of Law. And On That, I Think This Case Is Quite Like The Ford Decision A Few Years Back From This Court, A Different Ford Case. It's Not Cited In The Briefs. You're Arguing That On The Merits, That Time Runs From The Date Of The Extension. They Can Only Do One Year From The Date Of The Extension, Not One Year From The Date At Which The Original One Year Period Expired. Well, That's One Of Our Arguments, Judge. I Think The More Simple Argument That Applies To All The Entries Is That Customs Didn't Properly Extend The Period At All Because It Failed To Provide The Statutory Required Notice And It Failed To Specify A Statutory Adequate Reason. How Do We Know That? Well, We Don't Because There Hasn't Been Factified. It Would Have To Be A Factual Determination. Right. In That Respect, It's Like The Ford Case Where This Court Has Recognized That Customs Doesn't Adequately Provide Reasons, Doesn't Timely Act. Subsequent To The Filing Of The Case, It Turned Out That You Did Receive Some Notice On A Couple Of The Entries, Or That Ford Received Notice On The Entries, An Extension Of A Notice, Notice Of Extension. With Respect, Your Honor, I Don't Think That That's Correct. Ford's Position Is It Never Received A Notice That Was Required By 19 CFR 159.12. Customs Has Taken The Position That It Did Extend. And Your Response Is, Well, Your Records Aren't Very Good Either. How Do We Take Any Kind Of Position When You Don't Have Any Better Records Than They Do? Well, We're Not Asking This Court To Take A Position On That Today. I Think Ultimately There Would Be Fact Finding Like There Was In The Prior Ford Case. And Potentially, A Bench Trial Where You Would Have, You Would Actually Talk To The Officials Involved To Decide Whether Or Not There Was Actual Notice Given. And What The Reasons For The Notice, The Statute Is Quite Clear In 1504B That You Don't Get An Extension For Any Reason. You Can Only Get An Extension If You Need Information To Complete Liquidation. I'm Not Sure That Congress Contemplated Looking Behind The Extension To See If It Strained. Well, This Court Has Held The Contrary, Your Honor. In Ford Versus U.S., It's 157 F3 849. And The Subsequent Decision 286 F3 1335. And I Apologize Because Those Aren't Cited In The Brief. They Go To The Merits Of The Position We'd Like To Pursue On Remand. If This Court Agrees With Us That This Case Was Improperly Dismissed. The Court Held That There Is Jurisdiction And A Role For The Court To Determine Whether Or Not The Extension Requests Were Reasonable. And So That You Can Look To Whether They Provided An Adequate Explanation And Whether Or Not They Provided Notice At All. And I Think That This Is The Problems Recognized In That Decision Have Continued To Linger Here. They Resulted In The Problem In This Case Where You Have Customs Not Acting Over A Period Of Several Years. And At That Point, The Importer Has No Option But To Go To Court And Seek A Declaration That These Things Have Been Deemed Liquidated By Operation Of Law. I'd Like To Read To You From Page 12 Of The Opinion Of The Trial Court That Says In Plaintiff's Motion For Temporary Restraining Order Preliminary Injunction, Ford Acknowledged That Entries E And J Have All Been Extended. Right. And I Think And That's Confusing. I Had To Work Through That Myself, Your Honor. But I Think There Were Several Different Claims With Respect To The Extensions And These Are Set Forth In The Second Amendment Amended Complaint In J.A. 77 To 97. And The Acknowledgement Point Goes To Ford Had A Claim That Customs Didn't Even Purport To Extend The Deadlines. And So That The Court Of International Trade Turned Out That They Had Extended. They Had They Had Purported To Extend It. But The Fact That. No, It Says Here, Ford Acknowledged That Entries E Through J Have All Been Extended. I Mean, Ford Acknowledged That. That's An Acknowledgement That Customs Has Taken The Position That They're Extended. It's Not An Acknowledgement That They Provided The Requisite Notice And They Provided The Adequate Reason For It. And That's Spelled Out In The Different Claims In Ford's Complaint. Where The First Claim Was They Didn't Even Try To Extend This. And The Court Of International Trade Is Saying, No, That Claim Is Not Right. And But Ford Has Such Other Claims That, Okay, If They Tried To Extend It, They Haven't Done It Properly Because They Didn't Provide Notice And They Didn't Provide An Adequate Justification. Ford Has Not Remotely Waived Those Claims Or Acknowledged Made Any Acknowledgement With Respect To That. And So That That's Why The Acknowledgement Point That The Court Of International Trade Relied Upon In Declining To Exercise Its Authority For Declared To Enter Declaratory Relief. It's Quite Wrong. If The Entries Have Been Extended, Just As You Agree To During The Trial Court, That They Were Extended. And What Does It Matter About The Content Of The Notices? If The Entries Were Properly Extended, Your Honor? They Were Extended. Right. And Again, Then It Wouldn't Matter. But Ford's Position Is That Even Though Customs Is Claiming That It Purported To Extend Them, Those Extensions Can't Take Effect Because They Didn't Provide The Requisite Notice And They Didn't Provide An Adequate Reason. So Even Though Customs Has Taken The Position That They Purported To Extend Them, Those Extensions Don't Operate. And That's The Legal Position That Ford Is Seeking A Declaration On. If Ford Is Right On That, Then It's Clear That These Entries Were Deemed Liquidated By Operation Of Law. And There's No Reason Why Ford Isn't Entitled To A Declaration Of That Today As Opposed To Having Go Through An Administrative Process That Would Be Looking At Different Issues, Going To The Valuation And Things Like That, That Aren't Implicated If Ford Is Right That These Entries Were Deemed Liquidated By Operation Of Law. Want To Save Some Of Your Rebuttal Time? Yes, Please. Thank You. Mr. Miller? May It Please The Court. This Case Is Not About Notices Or Extension Or The Merits. It's About Preserving The Framework Of 1581. What's Their Remedy? If There's A Deemed Liquidation, That Would Entitle Them To A Refund, Right? Yes, Your Honor. If In Fact A Deemed Liquidation Occurred, They Would Be Entitled To A Refund. And How Would They Get The Refund? Is There A Provision Allowing Them To Sue For The Money? What Would Occur Is, Depending Upon The Context By Which They Brought Their Action, If It Was An I Action Versus An A Action, They Would Receive A Judgment. And The Agency Of The Government Always Complies With Judgments Of This Court. So If You Have To Do It Through A Declaratory Judgment As Opposed To Suing For The Money? You Could Do It Through The Context Of A Declaratory Judgment. Yes, Your Honor. We Believe That You Sue For The Money. If There's A Deemed Liquidation, Can They Sue For The Money? I Don't Know The Answer To That Question Either, Your Honor. However, If In Fact They Got A Declaratory Judgment In Any Context, I Versus A, There's No Reason To Think The Government Wouldn't Comply With That Declaratory Judgment. But How Do They Do It? If There Was Some Way To Ascertain That You Really Did Not File Any Of These Purported Extensions, Then How Would They Receive Their  Certainly, Your Honor. If They Received A Declaratory Judgment. Normally, You Don't Have To Sue For A Declaratory Judgment. If You're Seeking Money From The Government, You Just, If The Government Owes You Money, You Sue For The Money. Can They Do That? The Court Of International Trade Has The Powers To Offer Relief As Any District Court Does. So My Understanding Is That They Possibly Could. But I'm Not Quite Certain, Your Honor. I Know That We've Seen In The Context. So What Section Would They Sue? Well, The Court Would Have To Assess What Jurisdictional Provision Is Available To It. And This Case Highlights. And What Is It? What's The Government's Position On What Is The Proper Jurisdictional Provision? 1581A For This Case, Your Honor. This Case Illustrates. And To Answer Your Questions That You Had Addressed Earlier. They Don't Provide For A Refund. Doesn't Provide For A Suit For A Refund, Does It? If In Fact, Ford's Entries Deemed Liquidated, Yes, Your Honor, It Would. Because In The Context Of A, They Could Raise The Deemed Liquidation Argument. The Court. But That's A Protest Of A Liquidation. But The Problem Here Is That You May Never Actually Liquidate. The Question Is What? Do You Agree That If You Haven't Liquidated The Thing, That They're Allowed To Sue Under I For A Declaratory Judgment? Yes, Your Honor. If In Fact, An Importer Can Demonstrate That A Is Manifestly Inadequate, Then I Is Available To Importers. So If There's Been No Liquidation, And A Is Not Available, They Can Sue Under I? Yes, Your Honor. If In Fact, The Entries Had Deemed Liquidated, There May Be Instances By Which An Importer Could Come To Court And Seek A Declaratory Judgment Under I. At The Time They Brought Suit, There Hadn't Been Any Liquidation. Why Isn't There Jurisdiction Under I? Given The Fact That You Say That If There Hasn't Been A Liquidation, There Is I Jurisdiction. Yes, Your Honor. The Answer Lies In 19 U.S.C. 1514. In That Statute, It Lists Protestable Determinations. And It Says, Decisions By U.S. Customs And Border Protection. You Said, You Told Me That If There's Been No Liquidation, They Could Sue Under I For A Declaration That You Owed Them Money. Okay? So I'm Saying, At The Time This Suit Was Brought, There Were No Liquidations. You Agree That There Was 1581 I Jurisdiction. At That Time. It May Have Been Lost Later. But At The Time They Sued, There Was Jurisdiction. No, Your Honor. I'm Sorry. Let Me Correct Myself. They Did Not Have 1581 I Jurisdiction. Because 1581 A Was Manifestly Adequate And Available Too Far. How About Why? Because There Had Been No Liquidation. You Can Protest A Liquidation Under A. But There Had Been No Liquidation. The Time Had Passed. They Had No Notice Of. Let's Take Their Situation As We Probably Should Under These Circumstances. They Have No Notice. So Where Do They Go? There's No Liquidation. They Can't Protest It Under A. Where Do They Go? The Fact That Liquidation Hadn't Occurred Doesn't Render A Unavailable Or Manifestly Adequate. They Have To Wait Until You Decide To Do A Liquidation. Even If That Takes Years. Or Even If It Never Happens. There's No Remedy. Yes, Your Honor. They Don't Have To Wait Indefinitely. But In This Context, They Would Have To Wait. How Long Do They Have To Wait? Well, It Would Be On A Case-By-Case Basis. But In This Context, We Know For Certain. How Long Do They Have To Wait? Congress Anticipated That Reconciliation Entries Would Take Approximately Four Years To Resolve. Which Makes Sense. Because Given The Nature Of Reconciliation Claims. That There's Unresolved Issues. And That The Importer And The Agency Would Be Working. So You Don't Really Even Have To File Extensions Ever. And Use An Extension. You Think The Statute Gave You Four Years In Every Instance To Do Whatever You Want. No, Your Honor. An Importer Or The Agency Would Have To Comply With The Regulations. But You Don't Allow Them To Sue Before Four Years. So What You're Saying In Essence Is There's No Need For Extensions. You Have Four Years Under Every Case. An Importer Could Possibly Sue Before Four Years. But The Main Point Of This. Why Can't They Sue The Day After The One Year Liquidation Time Expires? In This Matter Because Ford. Why Not? Because Ford Reasonably Anticipated That Customs Would Be Liquidating Their Entries. What Was The Basis For Anticipating That? They Were In Constant Communications With The Agency. The Agency Was Requesting Information With Respect To Their Reconciliation Entries. And Ford Was Complying With Those Requests. If In Fact Ford Believed That Its Entries Deemed Liquidated After One Year. It Would Not Have Continued To Engage With The Agency For Another Period Of Three Years With Respect To Their Reconciliation Claims. Further. Their Cause Of Action. If In Fact Ayes In An Appropriate Jurisdictional Form By Which To Hear This Case. Accrued At That Year Mark. They Waited Approximately Three Years To Commence This Ayes. Isn't It A Little Odd That Congress Would Say. They Have To Wait Until You Decide To Do Something. Before Redressing The Problem. And Getting The Money. I Mean That's A Little Strange. Isn't It? No Your Honor. And In Fact That's Contained In 1514. Because It Says. That Decisions Of The Customs Service With Respect To Reconciliation. Including The Legality Of All Orders And Findings. Entering Into The Same. Are Protestable Determinations. But You Said A Minute Ago That Ford Had Reasonable Expectations. Because They Were In Negotiations. That Is Facts. Isn't It? That's Something That Has To Be Established. That's Not Something That We Can Determine Here. As A Matter Of Binding On This Court. Can We? You're Correct Your Honor. That Those Are Facts. However. You're Assuming Facts To Resolve Jurisdiction? No Your Honor. Sounds To Me Like. We've Got A Problem Here. No Your Honor. Our Primary Point Is. Under 1514 And 1581. The Legality Of Customs Decisions. Which Is What Ford Is Challenging Here. The Legality Of Customs Liquidation Of Its Entries. Are Protestable Determinations. And Much Like This Court Did. In Hartford Fire Insurance. You Have To Look At The Nature Of The Claim. And Essentially What They're Doing. Is They're Trying To Challenge A Protestable Determination. And Congress. Through The Structure Of 1581. But It's Not Protestable Until You Do A Liquidation. That's Correct Your Honor. That's Correct. But Simply Because Liquidation Hadn't Occurred At The Time. Of The Commencement Of The Action. Doesn't Mean That It Will Never Be Available. It Simply Means That Ford's Action Is Premature. The Difficult Difference. You Don't Ever Have To Liquidate. You Just Sit There. Keep The Money. Never Liquidate. They Have No Remedy. They Do Have A Remedy Your Honor. Under 1581 A. Ford Realized. Remedy. If You Don't Liquidate. What Remedy Do They Have? They Have A Remedy Under 1581 A. How? When Their Entries Do Liquidate. Which Here. They Liquidated Shortly. But That Doesn't Happen For Four Years. So They Have To Lend You Millions Of Dollars. Interest Free For Four Years. Is That What You're Saying? Your Honor. No Your Honor. I'm Not Saying That. But The Statute Does Provide For Interest. For The Period Of Time. Upon Which The Government Retains Importers Money. But The Main Purpose Of This Case. Is Preserving A. As The Preferred Jurisdictional Form Of This Court. As Opposed To I. There Is. Ford Has Not Established That A. Is Manifestly Inadequate. Or Unavailable To It. By Commencing An I Action. It's Not Available To It. Until You Liquidate. Right? They Have No Remedy. According To You. Until Customs Decides To Liquidate. Right? Yes Your Honor. But That Does Not Render 1581 A. Manifestly Inadequate. It Renders It. Renders Ford's Claim. To Be Premature. By Prematurely Commencing This Action. Ford. Why Is It Premature? I Don't Understand That. Because. Through The Structure Of 1581. And 1514. And The Concept. That Congress Intended For. Customs Determinations With Respect To Reconciliation. And The Legality Of All Orders And Fines. You Set A Time Limit. You Liquidate Within A Year. Or It's Deemed Liquidated. So. The Year Expires. How Do They Enforce The Time Limit? If In Fact Customs Had Done Nothing During That Year Period Of Time. Then Perhaps They Could Come To Court. And Establish To Court. That A. Is Not Available. Or Manifestly Adequate. And They Have. A Valid Claim Under I. Don't We Have To Assume The Facts. To Be As They Say. In This Instance. And Therefore. We Have To Assume. That You Had Done Nothing? No Your Honor. You're Correct In The Respect That. You Have To. We Assume All Facts. Pled And Forward As Being As True. But For Purposes Of Jurisdiction. Much Like This Court Did In Hartford Fire Insurance. It's Looking At The Nature Of The Claim. And Determining Which Provision Of 1581. Is The Appropriate Provision. That Congress Intended For That Claim. To Be Resolved. Ford Relies Upon The Case Of Fujitsu. The Only Difference Between Fujitsu. In This Case. Is That. The Ford Commits Its Action. Before The Agency. Liquidated Its Entries. The Only Difference Is. That There Was A Liquidation. That They Could Challenge. When They Brought The Action. Precisely Your Honor. But If. Ford Is Permitted To Proceed Under I. Then A Versus I. Becomes At The Election Of The Importer. And This Court Has Held. An American Air Parcel. That Certainly. A Versus I. Cannot Be At The Election Of The Importer. Meaning Here. Ford. Could Either. No. As Long As You've Liquidated. Then They Have To Use A. Or You've Given Adequate Notice. In Which Case. They Don't Have Any Basis Also. To Bring An I Action. So. Why Isn't It All In Your Hands? Because An Importer. Can Sit In. And. Either Wait For The Liquidation To Occur. And Bring An A. And If It Doesn't Want To Wait. For The Liquidation To Occur. Then It Could Come To Court Under I. And Seek A Declaratory Judgment. If The Deadline Expires. Without You Doing Anything. Let's Look At It This Way. What Would Have Happened. Had Ford Brought. The Action Under A. With Respect To The Entries. That It Claims. Were Not Properly Extended. Would The Court Had Jurisdiction. Over Those. Over That. Over The. Over Those Claims. At The Time. That Ford Commenced This Action. In April Of 2009. Let's Say That Instead. Of Having Brought This Case. It Would Have Filed Suit. Under 1581 A. To Protest The. The Reconciliation Entries. That It Claims Now. Were Not Properly Extended. The Court Would Not Have Jurisdiction. Under A. Because The Liquidations Had Not Occurred. At The Time. That Ford Commenced Its. Its Court Action. But That Further Demonstrates. That Their Challenge. Was Simply Premature. The Policy Reasons Between. Behind Congress Intending A. To Be The Preferred Jurisdictional. Forum For The Trial Court. Are Manifest Between The Differences Of The Two. Under I. Litigants Aren't Entitled To A Bench Trial. It's A Review Of The Agency Record. Versus A. Litigants Are Entitled To A Full Range. Of The Discovery Mechanisms. So When You Have A Challenge. That's Highly Fact Intensive. For Example. Our Challenge Here. As To Whether The Notice. Isn't Judge Carman Saying. He Doesn't Address The Merits. But Isn't He Essentially Saying That. He Should Have Brought This Case Under A. Instead Of I. Yes Your Honor. To The Extent We Would Disagree With Judge Carman's Analysis. It's The Extent That He Found Jurisdiction Under I. At All. But He Only Found Jurisdiction Under I. For Several Entries. Yes. And That's The Declaratory Judgment Only. Yes Your Honor. And Then He Chose To Use Discretion. Not To Declare Anything. All Right. But Isn't Judge Carman Saying. In His Opinion. That This Case Really Should Have Been Brought Under A. And Not I. Yes Your Honor. You're Correct. Judge Carman Recognizes. That A Is The Preferred Jurisdictional Form. For This Court. For The Trial Court. To Resolve Issues Such As This.  And Available To An Importer. They Have No Other Choice. But To Have Their Claims Resolved. In The Context Of A. And With Respect To The Entries That Had Not Been. Liquidated. The Reconciliation Entries. Because This Is A Reconciliation Case. Not A Liquidation Case. It's A Reconciliation Case. With Respect To Those Entries. Isn't Judge Carman Saying. Well You Have To Wait. Until Customs Make Some Sort Of Move Here. Yes. And If They. Once They Do Make A Move. Your Jurisdiction Is Under 1581 A. Not I. You're Correct Your Honor. Yes. Judge Carman Recognized. The Mandate Of The Agency. In Processing. Entries And Reconciliation Claims. That There Is A Normal Administrative Course. And Ford Like Every Other Importer. Must Follow That Administrative Course. Wait For The Agency. To Finish Its Administrative Actions. And Then Have All. Actions Of The Agency Reviewed In The Context Of A. Can I Ask You. Before You Run Out Of Time. Your Alternative Theory That. Even If Jurisdiction Existed In The First Place. Under I. That It Was Lost When Liquidation Occurred. In The Course Of The Action. That Is Your Alternative Position Right. No Your Honor. I Believe The Position Referring To Is That. For Three Of The Entries. If In Fact I Is The Appropriate Jurisdictional Form. That Their Claims Are Time Barred. Is That The Claim That You're Referring To. My Understanding Was. Let's Suppose We Reject Your Position. We Say That The Outset Of This Action. That Was Jurisdiction Under I. My Understanding Was That You Were Saying. Even If There Was Jurisdiction At The Outset. It Was Lost When An Actual Liquidation Took Place Later. Correct. No Your Honor. That's Not Our Position. You're Not Saying That. No We're Saying That The Trial Court. Never Had I Jurisdiction Over These Entries. That A Was Always The Appropriate Form. By Which The Trial Courts Resolved For Its Claims. If. We Were Determined That You're Wrong. And That I Is Appropriate To Challenge. Upon The Expiration Of The Liquidation Date. When You Did Liquidate. Would That Converted Into An A Action. Yes Your Honor. The Liquidations Of The Agency. Are Valid Agency Actions. And As The Trial Court Recognized. That Require A Separate. Would They Have To Bring A New Suit. Would They Lose Jurisdiction Under I. And Have To Bring A New Suit Under A. Or Would It Be Converted. Ipso Facto Into An A. In This Instance. Has Brought A Completely Separate Suit Under A. Not Really Asking About This Action. I'm Wondering. How You Would Respond. If You Lose This Case. And There Is I Jurisdiction. When You Liquidate. Do They Need To Bring A New Action. Or Is The I Converted Into An A. They Need To Bring A New Action. Your Honor. You Just Told Me That You Weren't Arguing. That The Liquidation. After The Beginning Of The Action. Took Away Jurisdiction. Are You Arguing That. Or Aren't You. We're Not Arguing That. Your Honor. We're Saying That The Appropriate. If There Was I Jurisdiction In The Beginning. I Jurisdiction Continued. Whether Or Not. There Was A Liquidation. The Trial Court Never Had I Jurisdiction. No, No. What's The Answer. If Jurisdiction Existed Under I. At The Beginning. Do You Agree That It Was Not Lost. As A Result Of A Liquidation That Occurred. After The Action Was Commenced. I Would Agree With That. Yes, Your Honor. If In Fact It Existed At The Beginning. It Was Not Lost. Okay. By The Liquidations. But Our Position Is That. The Trial Court Never Had I Jurisdiction. Is This A Time Of Filing Issue. No, Your Honor. This Isn't A Time Of Filing Issue. Because Even If We Assess Jurisdiction At The Time Of Filing. Through The Structure Of 1581. And 1514. Congress Tells Us That A. Is The Preferred Jurisdiction Form For This Court. And Ford Has Not Demonstrated. That A Is Manifestly. Response To Judge. Please, Please. In Response To Judge Dyke's Question. If Jurisdiction Continues. After Liquidation. Is That Because It's A Time Of Filing. I Mean You're Saying That Once There's Liquidation. There's No Jurisdiction Anymore. But Your Response To Judge Dyke Is That. Jurisdiction Continues Under Ike. Yes, Your Honor. I Apologize For The Confusion. In This Instance. I Jurisdiction Was Never Available For Ford. To Have Its Claims Resolved. And We Know That By Looking At The Structure Of 1581. And The Language Of 1514. That The Legality Of All Decisions. With Respect To Reconciliation Entries. Must Be Done In The Context Of A. So, Ford Should Have Waited. For The Liquidations To Occur. The Trial Court Recognized That. And Didn't Enjoin The Government. From Allowing Those Liquidations Occur. Because Those Injunctions. The Liquidations. Was Laying The Foundation. For Ford's Jurisdiction. What Then Is The Meaning Of The One Year Time Limit? You Don't Really Have To Abide By It. Why Is There A One Year Time Limit In The Statute? Because There May Be Instances. Your Honor. Where Importers Can Come To Court. And Demonstrate That A. Is Manifestly Inadequate. Or Unavailable To Them. But In Each Instance. They Could Demonstrate That The Agency. Has Taken No Action During That Period Of Time. But It Would Be A Case By Case Basis. By Which The Importer Would Have To Demonstrate. To The Trial Court. As To The Unavailability Of A. For These Reasons. We Ask This Court To Affirm The Dismissal Of This Case. Thank You Mr. Miller. Mr. Pierre. Thank You Your Honors. Your Honors. There Was No Protestable Decision. At The Time Ford Brought This Action. And Therefore No Basis For Ford To Seek Jurisdiction Under 1581 A. I Think Judge Carman Recognized That. 1514 Doesn't Help The Government. Because There Was No Reconciliation. That There Was. You Have To Go. There Has To Be Something You Can Challenge. Something You Can Protest. And There Wasn't. There Was This. This Was A. You Would Agree That Once There Was Reconciliation. Then 1514 Applies. I Think It Would. The Reconciliation Entries. What You Need For 1581 A. To Apply Your Honor. Is A Protestable Decision. And You Would Get That Under 1514. Once There Is A Protestable Decision. By The Time This Action Was Brought. There Was No Protestable Decision. Isn't That What Judge Carman Was Saying? There Is No Protestable Decision Here. I Have No Jurisdiction. But He Didn't. Your Honor. He Didn't Dispute That There Was Jurisdiction. With Respect To Those Entries. That Hadn't Been Liquidated. At The Time The Action Was Brought. He Didn't Dispute That. So He Agreed With Us That Far. He Simply Found That That Jurisdiction Could Be Ousted. With Respect To Liquidations Afterwards. Now With Respect To 1581 I. Judge Dyke. We Did Seek A Refund In This Action. It'S On Page 96. And We Do Think That 1581 I. Allows Jurisdiction Not Only To Declare. A Deemed Liquidated By Operation Of Law. But To Order A Refund. If Not. We'Re At Least Entitled To That Declaration. The Policy Here. Considerations I Think Are Very Strong. Congress Provided That Entries Would Be Deemed Liquidated. After A Year. Because Of The Problems Of Customs Not Acting. Customs Position. In This Case. Is That It Gets To Wait At Least Four Years. And The Kicker Is. Is If The Importer Waits That Long To Act. To Challenge. And Customs Doesn't Act. And Customs Can Come Back. And Make The Kind Of Statute Of Limitations. Arguments. That It'S Made Here. And Say That The Importer Didn'T Act. Soon Enough. And So That'S The Real Kicker. That The Importer Gets. For Waiting For The Administrative Agency. To Act. There Was Not Communication Between The Agency. And Ford During The Relevant Period. Of Here. 2005. 2008. That'S Discussed At Pages. 10 To 12. Of The Brief. We Haven'T As Much Talked About. The Court Of International Trades Decision. Not To Exercise Declaratory Judgment. But This Court Has Said. In Electronics For Emerging. In The Teva Pharmaceutical Case. That The Court Has To Identify. A Well-Founded Basis. To Decline To Exercise That Jurisdiction. And The Only Basis. That The Court Of International Trade Identified. Were At Pages. 18 To 20. Of Its Decision. It Pointed To The Availability. Of 1581a. But That Was Not Available. At The Time This Action Was Filed. Rule 57. Of The Federal Rules Of Civil Procedure. Specifically Recognizes. That The Possible Availability. Of A Different Remedy. Is Not A Reason. To Grant Declaratory Relief. Ordinarily This Court Looks To. Whether The Dispute Is Concrete. Whether It'S Hardened. Whether The Parties Would Benefit. From The Declaration. That'S Clearly The Case Here. Where Ford'S Position Is That. By Operation Of Statute. These Entries Have Been Liquidated. By Operation Of Law. Customs Was Holding On To Its Refunds. For A Period Of Several Years. After Ford Was Entitled To Them. He Was Entitled To A Declaration. That These Entries Have Been Liquidated. By Operation Of Law. And The Courts Have Jurisdiction. To Entertain This Action. We Think The Court Should Remand. For Fact Finding. And Other Consideration. Thank You Your Honors.